UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-9418 DSF (GJSx) | Date | 08/11/17 |
| Title | Rafael Arroyo, Jr. v. Richard Raya Sr., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in PART and DENYING in PART Plaintiff's Application for Default Judgment (Dkt. 23)

Plaintiff Rafael Arroyo, Jr. moves for default judgment against Defendants Richard Raya Sr. and Richard Raya Jr. for violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Arroyo seeks injunctive relief, $4,000 in statutory damages, and $4,860 in attorney's fees and costs.

## I.    BACKGROUND

Arroyo is a paraplegic who cannot walk and uses a wheelchair for mobility. First Am. Compl. (FAC) at ¶ 1. Raya Sr. owns the property located at 715 S. Soto Street, Los Angeles, California and did so in October 2016. Id., ¶¶ 2-3. Raya Jr. owns Sam's Tacos, a restaurant located at that address, and did so in October 2016. Id., ¶¶ 4-5. When Arroyo went to the restaurant in October 2016, there were no compliant accessible parking spaces available for persons with disabilities; instead, there was a single parking space that did not have an access aisle. Id. ¶¶ 13-14. Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities. Id. at ¶ 17. The restaurant's outside transaction counter is also 44 inches in height; there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

lowered 36-inch portion for persons in wheelchairs to use. Id. at ¶ 21. Arroyo would like to return to the restaurant, but he has been deterred from doing so; he will return once the barriers are removed. Id. ¶¶ 22, 25.

Defendants have not responded to the First Amended Complaint or otherwise appeared or participated in this litigation. The Clerk properly entered default against Raya Sr. on March 8, 2017 and against Raya Jr. on May 4, 2017. Dkts. 16, 20.

## II.   LEGAL STANDARD

Rule 55(b)(2) permits the Court to enter a default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of a default, well-pled allegations in the complaint regarding liability are generally deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The Court may consider several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III.   DISCUSSION

While the preference for decisions on the merits weighs against granting default, more Eitel factors weigh in favor of granting default judgment for Arroyo here. Under the first factor, Arroyo would be prejudiced by a denial of his motion for default judgment. Absent default judgment, Arroyo will be without a remedy for the past discrimination he purportedly experienced and will be unable to prevent future discrimination by Defendants. Both Defendants were personally served, so the risk of excusable neglect is minimal. See Dkts. 14, 18. The fourth and fifth Eitel factors also weigh in favor of granting default judgment. Arroyo seeks a total of $8,860 in damages and attorney's fees. To the extent Arroyo establishes a meritorious claim, the requested award would be proportional to the challenged conduct, which includes violations of federal and state anti-discrimination laws. Based on Arroyo's factual allegations and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

documentary evidence provided, the possibility of a dispute concerning material facts is slight.

The second and third factors also weigh in favor of granting default judgment. Arroyo seeks injunctive relief under the ADA, statutory damages under the Unruh Civil Rights Act, and reasonable attorney's fees. FAC at p. 8. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the . . . services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a Title III claim, a plaintiff must prove that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Arroyo's allegations establish the first two elements of his ADA claims: he is a paraplegic who uses a wheelchair for mobility and Defendants own property and a restaurant open to the public. FAC, ¶¶ 1-5, 11.

As to the third element of his ADA claim, Arroyo alleges that the lack of an accessible parking space and counter constituted architectural barriers prohibited under 42 U.S.C. § 12182(b)(2)(A)(iv). To prevail on his "architectural barrier" theory, Arroyo must establish that "(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (alteration in original). Arroyo's allegations (and supporting declarations and documentary evidence) establish the first prong. Barriers are determined by reference to the ADA Accessibility Guidelines (ADAAG). See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). When Arroyo visited the restaurant it did not have a van accessible parking spot with the required access aisle. See 1991 ADAAG §§ 4.1.2(5)(b), 4.6.3, A4.6.3; 2010 ADAAG §§ 208.2.4, 502.2, 502.3. Arroyo also complains about a transaction counter height of 44 inches, which is over the maximum allowable height. See 1991 ADAAG § 7.2(1); 2010 ADAAG § 904.4.1 (maximum counter height of 36 inches). Arroyo may seek to remedy this violation even though he was deterred before he encountered it. See Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

With regard to the second prong, the Ninth Circuit has "yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable." Moore v. Robinson Oil Corp., 588 F. App'x 528, 529-30 (9th Cir. 2014) (internal quotation marks omitted). Consistent with the Tenth Circuit's opinion in Colo. Cross Disability Coalition v. Hermanson Family, Ltd. P'ship I, 264 F.3d 999, 1002-07 (10th Cir. 2001), the majority of other federal courts, including district courts in this Circuit, appear to have concluded "that the 'readily achievable' element is an affirmative defense for which the defendant bears the ultimate burden of persuasion." McComb v. Vejar, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014). The plaintiff, however, bears "the initial burden of producing evidence that supports a finding that removal is readily achievable, and which only then shifts the ultimate burden of persuasion to the defendant." Id. (citing Vogel, 992. F. Supp. 2d at 1010 (citing Colo. Cross, 264 F.3d at 999)). Arroyo alleges that the van accessible parking spot and counter height violations are easily removed without much difficulty or expense, are barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, removal is readily achievable here – particularly given the restaurant previously had an accessible parking spot. FAC ¶¶ 16, 24. Arroyo also alleges that there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal is not achievable. Id. at ¶ 24. Accepting these allegations as true, the Court finds Arroyo has plausibly alleged removal would be readily achievable. Arroyo is therefore entitled to injunctive relief under the ADA, and Defendants are ORDERED to provide a van accessible parking space and transaction counter that comply with the ADA.

The Court also GRANTS Arroyo's request for $4,000 in statutory damages. See Cal. Civ. Code §§ 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 [] shall also constitute a violation of this section."), 52(a); see also Arroyo Decl., ¶¶ 2-8.

Having prevailed on the merits, Arroyo is entitled to reasonable attorney's fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). The present application for default judgment requests $4,860 in attorney's fees and costs and identifies six tasks, but does not identify how much time was spent on each task, and so is insufficient to support an award of the requested fees. See Handy Decl. at ¶ 5. The request for fees and costs is DENIED without prejudice to filing another application that includes this information.

IT IS SO ORDERED.