UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-9418 DSF (GJSx) | Date | 9/27/17 |
| Title | Rafael Arroyo, Jr. v. Richard Raya Sr., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in PART Plaintiff's Motion for Attorney's Fees (Dkt. 26)

## I.  INTRODUCTION

Before the Court is Plaintiff's Motion for Attorney's Fees.  Dkt. 26 (Mot.).  No Opposition has been filed.  The Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for October 16, 2017 is removed from the Court's calendar.  The Motion is GRANTED in PART.

## II.  FACTUAL ALLEGATIONS

Plaintiff is a paraplegic who uses a wheelchair for mobility.  Order GRANTING in PART and DENYING in PART Plaintiff's Application for Default Judgment ("Default Judgment Order"), Dkt. 25 at 1.  Defendant Raya Sr. owns the property located at 715 S. Soto Street, Los Angeles, California.  Defendant Raya Jr. owns Sam's Tacos, a restaurant located at that address.  <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

In October 2016, Plaintiff went to Sam's Tacos, but found that there were no compliant accessible parking spaces available for persons with disabilities, nor were their lowered 36-inch window counters for persons in wheelchairs to use. Id. at 1-2.

On December 21, 2016, Plaintiff initiated this lawsuit against Defendants, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and California's Unruh Civil Rights Act (UCRA), Cal. Civ. Code § 51. Complaint (Compl.), Dkt. 1 ¶¶ 28-39. Defendants did not respond to the First Amended Complaint or otherwise appear or participate in this litigation. On August 11, 2017, this Court granted default judgment for Plaintiff, but denied without prejudice Plaintiff's request for fees and costs because it did not identify how much time was spent on each task. Default Judgment Order at 4.

### III. DISCUSSION

Plaintiff seeks to recover attorney's fees in the amount of $7,140.00 and costs in the amount of $440.00. Declaration of Mark Potter (Potter Decl.), Dkt. 26-3, Ex. 2. The requested fees break down as follows:

| Attorney | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Russell Handy | $425 | 10.4 | $4,420.00 |
| Mark Potter | $425 | 6.4 | $2,720.00 |
| | TOTAL | 16.8 | $7,140.00 |

Plaintiff requests $440 in costs, which includes $400 in filing fees and $60 for service costs. Id.

The ADA and UCRA permit an award of attorney's fees and costs to the prevailing party. 42 U.S.C. § 12205 ("[T]he court . . . may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."); Cal. Civ. Code § 52(a) (prevailing party may recover "attorney's fees that may be determined by the court"). In making the award, the Court must strike a balance between granting sufficient fees to encourage qualified counsel to take civil rights cases, without awarding a windfall to counsel. See Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

### A. Attorney's Fees

In fee shifting cases (e.g., those involving civil rights, securities, antitrust, copyright, and patent act claims), where plaintiffs generally seek and obtain relief that is primarily injunctive in nature and not easily monetized, courts most commonly employ the lodestar method to calculate a reasonable award. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). The "lodestar" is the product of the number of hours reasonably expended and a reasonable hourly rate. Id. The Court may exclude hours it deems "excessive, redundant, or otherwise unnecessary." Jankey v. Poop Deck, 537 F.3d 1122, 1131 (9th Cir. 2008).

### 1. Hours Billed

Plaintiff's attorneys provide time sheets indicating that they billed 16.8 hours litigating this matter. Mot. at 10; Potter Decl. Ex. 2. After careful review of the time sheets, the Court reduces the hours by 5 hours for the following reasons:

*First*, Mr. Potter estimated that travel to and attending oral argument would take 4 hours. Potter Decl. Ex. 2 at 4. The Court issues this Order in chambers without a hearing, and so eliminates this entry.

*Second*, Mr. Potter billed 2 hours for drafting this Motion, along with the declaration and exhibits in support. Potter Decl. Ex. 2 at 4. The Court finds 2 hours to be excessive given that this Motion is nearly identical to counsel's previous fees motion. See Motion for Attorney Fees and Litigation Expenses, Langer v. Pacific Capital LLC, et al., Case No. 15-9623 DSF (JEMx), Dkt. No. 52 (C.D. Cal. Aug. 29, 2017). The Court deducts 1 hour from this entry.

### 2. Hourly Rate

"Once it sets the number of reasonable hours, the district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995). The appropriate rate should be calculated according to the prevailing market rates in the community in which the district court sits. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Plaintiff's counsel seeks hourly rates of $425 for Mark Potter and Russell Handy. Mot. at 7-10; Potter Decl. ¶¶ 4-7. Plaintiff's counsel attests to each attorney's experience in disability access litigation. Mot. at 8-9; Potter Decl. ¶¶ 4-5. Mr. Potter also attests that the Center for Disability Access has helped shape ADA law, and that its rates billed are "well within market rates." Mot. at 9; Potter Decl. ¶ 6. After reviewing Plaintiff's counsel qualifications and awards in similar cases, the Court concludes that these hourly rates are reasonable.

### 3. Lodestar Calculation

Accounting for Plaintiff counsel's hours and rates, the Court awards attorney's fees in the amount of $5,015.00.

| Attorney | Rate | Hours (post-reduction) | Lodestar Amount |
|---|---|---|---|
| Russell Handy | $425 | 10.4 | $4,420.00 |
| Mark Potter | $425 | 1.4 | $595.00 |
| | TOTAL | 11.8 | $5,015.00 |

### B. Costs

Plaintiff asks for $440 in costs, which includes $400 in filing fees and $40 for service costs. Local Rule 54-3 permits a prevailing party to recover "[f]iling fees paid to the Clerk" and "[f]ees for service of process." Plaintiff's request for costs is granted.

## IV. CONCLUSION

The Motion is GRANTED in PART. Plaintiff shall recover fees and costs in the total amount of $5,455.00.

IT IS SO ORDERED.